The Full Commission has reviewed the prior Decision and Order based upon the record of the proceedings before Deputy Commissioner John A. Hedrick. Oral arguments in this matter were waived by Order of Chairman J. Howard Bunn, Jr.. The appealing party has not shown good ground to receive further evidence or to amend the prior Decision and Order. Accordingly, the Full Commission affirms the prior Decision and Order of the Deputy commissioner.
 ***********
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
 FINDINGS OF FACT
1. On 27 October 1997, plaintiff (also known as Aaron Baity) was incarcerated at Eastern Correctional Institution.
2. While incarcerated in the same facility on 11 June 1994, plaintiff's brother gave him a used Timex watch. Defendant's employees delivered the Timex watch to plaintiff on 13 June 1994.
3. On 27 October 1994, plaintiff was placed on administrative segregation for disruptive and assaultive behavior. At the time that he was transferred from his cell to segregation, Correctional Officers Mooring and Miles inventoried and packed plaintiff's personal belongings. Plaintiff's personal belongings were inventoried on a Department of Correction form DC-160. There was no Timex watch among plaintiff's personal belongings at the time that he was transferred to segregation. Plaintiff did have a "Q and Q" brand watch among his personal belongings. Plaintiff also had three postage stamps among his belongings.
4. Plaintiff refused to sign the form DC-160 that was presented to him for verification of its accuracy because he believed that the form had not been completed in accordance with its instructions and because he owned sixty dollars worth of cosmetics that had been listed on the form as "assorted cosmetics". Plaintiff did not refuse to sign the form DC-160 because it did not list a Timex watch as being among his belongings. When plaintiff's personal belonging were returned to him on 28 October 1994, he signed the form DC-160 verifying that he had received the items listed on the form.
5. On 8 December 1994, plaintiff filed a grievance alleging that when his belongings were returned to him, he was missing a Timex watch and three postage stamps. Plaintiff further alleged that he did not own the "Q and Q" brand watch that was returned to him.
6. Plaintiff did not have a Timex watch among his belongings at the time of his transfer to administrative segregation on 27 October 1994.
7. Plaintiff's loss of the Timex watch that was given to him by his brother on 11 June 1994 was not caused by any act or omission by defendant's employees.
 ***********
Based upon the foregoing findings of fact, the Full Commission concludes as follows:
 CONCLUSION OF LAW
Plaintiff sustained no damages as a result of the negligence of any employee of defendant. G.S. § 143-291 et seq.
 ***********
Based upon the foregoing findings of fact and conclusion of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
 ORDER
1. Under the law, plaintiff's claim, must be, and the same is hereby, DISMISSED.
2. Each party shall bear its own costs.
 S/ ________________________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
S/ ______________________ J. HOWARD BUNN, JR. CHAIRMAN
S/ ______________________ BERNADINE S. BALLANCE COMMISSIONER